UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL PAUL STODDARD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LDS LUTHERHAVEN and DEPARTMENT OF HEALTH AND WELFARE,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00546-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The Clerk of Court conditionally filed Plaintiff Daniel Paul Stoddard's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant with immunity from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　After reviewing the Complaint, the Court has determined that it is subject to dismissal for failure to state a claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## BACKGROUND

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), incarcerated at Idaho State Correctional Institution (ISCI). He alleges that Defendants "stole blatantly my trustee, Antonette Elizabeth, and I myself [illegible] social order of an IDOC membered JPay contract, to be helped as by this, a bumbed out dude!" Dkt. 3, p. 3 (verbatim). As for damages, Plaintiff alleges: "if so, by date, I/if we can just be nice about this efiling, I'll mail you a [just or trust] case book of old cases." *Id*. (verbatim). The remainder of the Complaint is filled with religious terms and symbols, but is nonsensical.

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. In

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

other words, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

The United States Court of Appeals for the Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted). A litigant's allegations *that have no basis in law or fact* include those that can be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*. at 1129.

2. Discussion

The Court has carefully reviewed Plaintiff's Complaint and found no possible colorable cause of action, hidden or overt. Plaintiff has filed other cases filled with indecipherable religious statements, and he has been unable to amend his pleadings to show that his First Amendment right to free exercise of religious potentially has been violated. For example, in Case No. 1:20-cv-00221-BLW, *Stoddard v. IDOC Policy Programmers*, Plaintiff recently filed a "Notice of Reclaimed Fools Test" but no amended complaint within the allotted time period (Dkt. 24 in that case).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

The same nonsensical subject matter reigns here, as Plaintiff discusses something about "LSD kool-aid battery tests," an "ecclesiastical meth lab dominant collar," and a dog trainer. *Id*. at 4. The claims are entirely without merit and cross the line to frivolous, fanciful, and delusional. This Complaint will be summarily dismissed for failure to state a claim upon which relief can be granted, because amendment would be futile.

Plaintiff is encouraged to review his religious concerns with his prison psychologist, case worker, and/or chaplain and to review any J-Pay or other financial issues with prison financial staff via an inmate concern form, rather than file lawsuits similar to this one. Plaintiff is certainly free to continue to access the courts as a last resort, after exhausting the prison grievance system. Plaintiff is reminded that each lawsuit he files in forma pauperis is not "free," but means that he owes the Court an additional $350.00 for the filing fee, whether or not he is permitted to proceed. Those fees are deducted by prison and sent to the Clerk of Court in incremental amounts whenever monies are deposited into Plaintiff's account, thereby reducing the amount of money he has available to him to use for commissary items.[1]

---

[1] Under the Prison Litigation Reform Act (PLRA), prisoners are entitled to begin a civil suit without *prepayment* of fees under 28 U.S.C. § 1915(a); however, they are "required to pay the full amount of a filing fee." 28 U.S.C. 1915(b)(1). The PLRA "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (rejecting a request for a refund of appellate fees after voluntary withdrawal of appeal). The Second Circuit observed that the absence of a refund of fees provision "is not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* (citing *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir.1996)).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 1) is DISMISSED for failure to state a claim upon which relief can be granted.

DATED: March 5, 2021

B. Lynn Winmill
U.S. District Court Judge